**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 2, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSHUA WAYNE WILLIS,

    Defendant - Appellant.

No. 25-5042
(D.C. No. 4:22-CR-00206-JDR-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MATHESON**, and **FEDERICO**, Circuit Judges.
_____

Pursuant to a plea agreement containing an appeal waiver, Joshua Wayne

Willis pleaded guilty to kidnapping in Indian Country.  The district court sentenced

him to 120 months in prison, which was within the advisory Sentencing Guidelines

range.

Mr. Willis appealed, and the government now moves to enforce the appeal

waiver.  *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc)

(per curiam).  In response, Mr. Willis states that he "does not object to the dismissal

of this direct appeal pursuant to the government's Motion to Enforce Appeal Waiver

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and *United States v. Hahn*." Resp. at 1. Based on Mr. Willis's non-opposition, we grant the government's motion and dismiss this appeal.

Entered for the Court

Per Curiam